UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRITTANY CRIPLIVER, et al. | ) | CASE NUMBER: 1:18-cv-02208-DAP |
| | ) | |
| Plaintiffs, | ) | JUDGE DAN AARON POLSTER |
| vs. | ) | |
| | ) | **ANSWER TO PLAINTIFFS' FIRST** |
| CRAZY HORSE LICENSING, INC., et | ) | **AMENDED COMPLAINT ON BEHALF** |
| al. | ) | **OF DEFENDANTS PARKBROOK** |
| | ) | **ENTERTAINMENT, INC. d/b/a THE** |
| Defendants. | ) | **AIRPORT CRAZY HORSE, FRANK B.** |
| | ) | **SPENCER d/b/a CRAZY HORSE** |
| | ) | **MEN'S CLUB AND CRAZY HORSE** |
| | ) | **SALOON, ALMI RESTAURANT, INC.** |
| | ) | **d/b/a CRAZY HORSE MEN'S CLUB,** |
| | ) | **AND GOLD RESTAURANT, INC. d/b/a** |
| | ) | **CRAZY HORSE CLEVELAND** |
| | ) | |
| | ) | **[Jury Demand Endorsed Hereon]** |
| | ) | |

Now come Defendants, Parkbrook Entertainment, Inc. d/b/a The Airport Crazy Horse, Frank B. Spencer d/b/a Crazy Horse Men's Club and Crazy Horse Saloon, ALMI Restaurant, Inc. d/b/a Crazy Horse Men's Club, and Gold Restaurant, Inc. d/b/a Crazy Horse Cleveland (hereinafter "Defendants") and for their respective Answer to Plaintiffs' First Amended Complaint respond as follows:

<u>INTRODUCTION</u>

1.      Defendants admit that Plaintiffs have filed action for damages and other relief but deny the remainder of the allegations contained in Paragraph 1 of Plaintiffs' First Amended Complaint.

2.      Defendants admit the website states that "Crazy Horse and the Horse Head logo are registered trademarks that are owned by Crazy Horse Licensing, Inc. and used under license by

licensees," but deny as worded and further for want of knowledge the remainder of the allegations contained in Paragraph 2 of Plaintiffs' First Amended Complaint.

3.      Defendants deny for want of knowledge the allegations contained in Paragraph 3 of Plaintiffs' First Amended Complaint.

4.      Defendants admit that Frank B. Spencer has an ownership interest in Crazy Horse Licensing, Inc.

5.       Defendants admit that Frank B. Spencer has an ownership interest in Parkbrook Entertainment, Inc.

6.      Defendants admit that Frank B. Spencer has an ownership interest in ALMI Restaurant, Inc.

7.      Defendants admit that Frank B. Spencer has an ownership interest in Gold Restaurant, Inc.

8.      Defendants deny as worded and further for want of knowledge the allegations contained in Paragraph 8 of Plaintiffs' First Amended Complaint.

9.      Defendants deny the allegations contained in Paragraphs 9, 10, and 11 of Plaintiffs' First Amended Complaint as they relate to Defendants, Parkbrook Entertainment, Inc. d/b/a The Airport Crazy Horse, Frank B. Spencer d/b/a Crazy Horse Men's Club and Crazy Horse Saloon, ALMI Restaurant, Inc. d/b/a Crazy Horse Men's Club, and Gold Restaurant, Inc. d/b/a Crazy Horse Cleveland.

10.     Defendants deny as worded and further for want of knowledge the allegations contained in Paragraphs 12, 13, 14, and 15 of Plaintiffs' First Amended Complaint.

11.     Defendants deny the allegations contained in Paragraphs 16 and 17 of Plaintiffs' First Amended Complaint as they relate to Defendants, Parkbrook Entertainment, Inc. d/b/a The

Airport Crazy Horse, Frank B. Spencer d/b/a Crazy Horse Men's Club and Crazy Horse Saloon, ALMI Restaurant, Inc. d/b/a Crazy Horse Men's Club, and Gold Restaurant, Inc. d/b/a Crazy Horse Cleveland.

12.     Defendants deny for want of knowledge the allegations contained in Paragraph 18 of Plaintiffs' First Amended Complaint.

PARTIES

13.     Defendants deny for want of knowledge the allegations contained in Paragraphs 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, and 33 of Plaintiffs' First Amended Complaint.

14.     Defendants admit that Crazy Horse Licensing, Inc. is an Ohio corporation with its principal place of business in Cuyahoga County, Ohio, located at 1474 St. Clair Avenue, Cleveland, Ohio 44114, but deny as worded and further for want of knowledge the remainder of the allegations contained in Paragraph 34 of Plaintiffs' First Amended Complaint.

15.     Defendants deny for want of knowledge the allegations contained in Paragraph 35 of Plaintiffs' First Amended Complaint.

16.     Defendants admit the allegations in Paragraph 36 of Plaintiff's First Amended Complaint that Defendant Parkbrook Entertainment, Inc. d/b/a The Airport Crazy Horse is an Ohio corporation with its principal place of business in Cuyahoga County, Ohio located at 16600 Brookpark Rd., Brook Park, Ohio 44135.

17.     Defendants admit the allegations in Paragraph 37 of Plaintiff's First Amended Complaint that Defendant ALMI Restaurant Inc. d/b/a Crazy Horse Men's Club is an Ohio corporation with its principal place of business in Cuyahoga County, Ohio located at 25540 Miles Rd., Bedford Heights, Ohio 44146.

18.     Defendants admit the allegations in Paragraph 38 of Plaintiff's First Amended Complaint that Defendant Gold Restaurant Inc. d/b/a Crazy Horse Cleveland is an Ohio corporation with its principal place of business in Cuyahoga County, Ohio located at 1438 St. Clair Ave., Cleveland, Ohio 44114.

19.     Defendants admit that Frank B. Spencer is a resident and citizen of Ohio but deny as worded and further for want of knowledge the remainder of the allegations contained in Paragraph 39 of Plaintiffs' First Amended Complaint.

<u>JURISDICTION AND VENUE</u>

20.     Defendants deny for want of knowledge that there is complete diversity of citizenship between Plaintiffs and Defendants and that the amount in controversy for each Plaintiff against each relevant Defendant, excluding interests and costs, exceeds $75,000 as alleged in Paragraph 40 of Plaintiffs' First Amended Complaint.

21.     Defendants admit that this Court has subject matter jurisdiction over claims that arise under 15 U.S.C. §1125(a)(1) (The Lanham Act) based upon 28 U.S.C. §1331 generally but denies the remainder of the allegations contained in Paragraph 41 Plaintiffs' First Amended Complaint.

22.     Defendants deny the allegations as worded and further for want of knowledge the allegations contained in Paragraph 42 of Plaintiffs' First Amended Complaint.

23.     Defendants deny as worded and further for want of knowledge the allegations in Paragraphs 43 and 44 of Plaintiffs' First Amended Complaint.

<u>GENERAL ALLEGATIONS</u>

24.     Defendants deny for want of knowledge the allegations contained in Paragraphs 45, 46 and 47 of Plaintiffs' First Amended Complaint.

25.     Defendants deny as worded and further for want of knowledge the allegations contained in Paragraph 48 of Plaintiffs' First Amended Complaint.

26.     Defendants deny for want of knowledge the allegations contained in Paragraphs 49, 50, 51 and 52 of Plaintiffs' First Amended Complaint.

27.     Defendants deny the allegations contained in Paragraph 53 of Plaintiffs' First Amended Complaint as they relate to Defendants, Parkbrook Entertainment, Inc. d/b/a The Airport Crazy Horse, Frank B. Spencer d/b/a Crazy Horse Men's Club and Crazy Horse Saloon, ALMI Restaurant, Inc. d/b/a Crazy Horse Men's Club, and Gold Restaurant, Inc. d/b/a Crazy Horse Cleveland.

28.     Defendants deny as worded and further for want of knowledge the allegations contained in Paragraph 54 of Plaintiffs' First Amended Complaint as they relate to Defendants, Parkbrook Entertainment, Inc. d/b/a The Airport Crazy Horse, Frank B. Spencer d/b/a Crazy Horse Men's Club and Crazy Horse Saloon, ALMI Restaurant, Inc. d/b/a Crazy Horse Men's Club, and Gold Restaurant, Inc. d/b/a Crazy Horse Cleveland.

29.     Defendants deny for want of knowledge the allegations contained in Paragraphs 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, and 67 of Plaintiffs' First Amended Complaint.

30.     Defendants deny as worded and further for want of knowledge the allegations as it relates to Frank B. Spencer and further deny for want of knowledge the remainder of the allegations contained in Paragraphs 68 and 69 of Plaintiffs' First Amended Complaint.

31.     Defendants deny as worded and further for want of knowledge the allegations contained in Paragraph 70 of Plaintiffs' First Amended Complaint.

32.     Defendants deny as worded and further for want of knowledge the allegations as it relates to Frank B. Spencer and deny for want of knowledge the allegations contained in Paragraph 71 of Plaintiffs' First Amended Complaint.

33.     Defendants deny as worded and further for want of knowledge the allegations contained in Paragraphs 72, 73, 74, 75, 76, and 77 as they relate to Defendant Frank B. Spencer and deny the remainder of the allegations for want of knowledge.

34.     Defendants deny the allegations contained in Paragraph 78 as they relate to Defendant Frank B. Spencer and deny the remainder of the allegations for want of knowledge.

35.     Defendants deny as worded and further for want of knowledge the allegations contained in Paragraph 79 as they relate to Defendant Frank B. Spencer and deny the remainder of the allegations for want of knowledge.

36.     Defendants deny for want of knowledge the allegations contained in Paragraph 80 of Plaintiffs' First Amended Complaint.

37.     Defendants deny as worded and further for want of knowledge the allegations contained in Paragraph 81 as they relate to Defendant Frank B. Spencer and deny the remainder of the allegations for want of knowledge.

38.     Defendants deny for want of knowledge the allegations contained in Paragraph 82 of Plaintiffs' First Amended Complaint.

39.     Defendants deny as worded and further for want of knowledge the allegations contained in Paragraph 83 as they relate to Defendant Frank B. Spencer and deny the remainder of the allegations for want of knowledge.

40.     Defendants deny as worded and further for want of knowledge the allegations contained in Paragraph 84 of Plaintiffs' First Amended Complaint as they relate to these answering Defendants.

41.     Defendants deny for want of knowledge the allegations contained in Paragraph 85 of Plaintiffs' First Amended Complaint.

42.     Defendants deny as worded and further for want of knowledge the allegations contained in Paragraph 86 as they relate to Defendant Frank B. Spencer and deny the remainder of the allegations for want of knowledge.

43.     Defendants deny for want of knowledge the allegations contained in Paragraph 87 of Plaintiffs' First Amended Complaint.

44.     Defendants deny as worded and further for want of knowledge the allegations contained in Paragraph 88 of Plaintiffs' First Amended Complaint as they relate to these answering Defendants.

45.     Defendants deny for want of knowledge the allegations contained in Paragraph 89 of Plaintiffs' First Amended Complaint.

46.     Defendants deny as worded and further for want of knowledge the allegations contained in Paragraph 90 as they relate to Defendant Frank B. Spencer and deny the remainder of the allegations for want of knowledge.

47.     Defendants deny for want of knowledge the allegations contained in Paragraph 91 of Plaintiffs' First Amended Complaint.

48.     Defendants deny the allegations contained in Paragraph 92 of Plaintiffs' First Amended Complaint.

49. Defendants admit allegations contained in Paragraph 93 of Plaintiffs' First Amended Complaint.

50. Defendants deny as worded and further for want of knowledge the allegations contained in Paragraph 94 of Plaintiffs' First Amended Complaint.

51. Defendants deny as worded and further for want of knowledge as to these answering Defendants the allegations contained in Paragraph 95 of Plaintiffs' First Amended Complaint.

52. Defendants deny as worded and further for want of knowledge the allegations contained in Paragraph 96 of Plaintiffs' First Amended Complaint.

53. Defendants deny as worded and further for want of knowledge the allegations contained in Paragraph 97 of Plaintiffs' First Amended Complaint as they relate to these answering Defendants.

54. Defendants deny as worded and further for want of knowledge the allegations contained in Paragraph 98 of Plaintiffs' First Amended Complaint.

55. Defendants deny as worded and further for want of knowledge the allegations contained in Paragraph 99 of Plaintiffs' First Amended Complaint as they relate to these answering Defendants.

56. Defendants deny the allegations and further deny for want of knowledge the allegations contained in Paragraph 100 of Plaintiffs' First Amended Complaint as they relate to Defendants.

57. Defendants deny for want of knowledge the allegations contained in Paragraphs 101 and 102 of Plaintiffs' First Amended Complaint.

58.     Defendants deny the allegations and further deny for want of knowledge the allegations contained in Paragraph 103 of Plaintiffs' First Amended Complaint as they relate to Defendants.

59.     Defendants deny the allegations contained in Paragraph 104 of Plaintiffs' First Amended Complaint.

60.     Defendants deny for want of knowledge the allegations contained in Paragraphs 105, 106, and 107 of Plaintiffs' First Amended Complaint.

61.     Defendants deny as worded and further for want of knowledge the allegations contained in Paragraphs 108 and 109 of Plaintiffs' First Amended Complaint.

62.     Defendants deny for want of knowledge the allegations contained in Paragraph 110 of Plaintiffs' First Amended Complaint.

63.     Defendants deny as worded and further for want of knowledge the allegations contained in Paragraphs 111 and 112 of Plaintiffs' First Amended Complaint.

64.     Defendants deny for want of knowledge the allegations contained in Paragraph 113 of Plaintiffs' First Amended Complaint.

65.     Defendants deny as worded and further for want of knowledge the allegations contained in Paragraphs 114 and 115 of Plaintiffs' First Amended Complaint.

66.     Defendants deny for want of knowledge the allegations contained in Paragraph 116 of Plaintiffs' First Amended Complaint.

67.     Defendants deny as worded and further for want of knowledge the allegations contained in Paragraph 117 of Plaintiffs' First Amended Complaint.

68.     Defendants deny for want of knowledge the allegations contained in Paragraph 118 of Plaintiffs' First Amended Complaint.

69.     Defendants deny as worded and further for want of knowledge the allegations contained in Paragraph 119 of Plaintiffs' First Amended Complaint.

70.     Defendants deny for want of knowledge the allegations contained in Paragraph 120 of Plaintiffs' First Amended Complaint.

71.     Defendants deny as worded and further for want of knowledge the allegations contained in Paragraphs 121 and 122 of Plaintiffs' First Amended Complaint.

72.     Defendants deny for want of knowledge the allegations contained in Paragraph 123 of Plaintiffs' First Amended Complaint.

73.     Defendants deny as worded and further for want of knowledge the allegations contained in Paragraphs 124 and 125 of Plaintiffs' First Amended Complaint.

74.     Defendants deny for want of knowledge the allegations contained in Paragraph 126 of Plaintiffs' First Amended Complaint.

75.     Defendants deny as worded and further for want of knowledge the allegations contained in Paragraphs 127 and 128 of Plaintiffs' First Amended Complaint.

76.     Defendants deny as worded and further for want of knowledge the allegations contained in Paragraph 129 of Plaintiffs' First Amended Complaint

77.     Defendants deny for want of knowledge the allegations contained in Paragraph 130 of Plaintiffs' First Amended Complaint.

78.     Defendants deny as worded and further for want of knowledge the allegations contained in Paragraphs 131 and 132 of Plaintiffs' First Amended Complaint.

79.     Defendants deny for want of knowledge the allegations contained in Paragraph 133 of Plaintiffs' First Amended Complaint.

80.     Defendants deny as worded and further for want of knowledge the allegations contained in Paragraphs 134 and 135 of Plaintiffs' First Amended Complaint.

81.     Defendants deny for want of knowledge the allegations contained in Paragraph 136 of Plaintiffs' First Amended Complaint.

82.     Defendants deny as worded and further for want of knowledge the allegations contained in Paragraphs 137 and 138 of Plaintiffs' First Amended Complaint

83.     Defendants deny as worded and further for want of knowledge the allegations contained in Paragraph 139 of Plaintiffs' First Amended Complaint.

84.     Defendants deny for want of knowledge the allegations contained in Paragraph 140 of Plaintiffs' First Amended Complaint.

85.     Defendants deny as worded and further for want of knowledge the allegations contained in Paragraphs 141 and 142 of Plaintiffs' First Amended Complaint.

86.     Defendants deny for want of knowledge the allegations contained in Paragraph 143 of Plaintiffs' First Amended Complaint.

87.     Defendants deny as worded and further for want of knowledge the allegations contained in Paragraph 144 of Plaintiffs' First Amended Complaint.

88.     Defendants deny as worded and further for want of knowledge the allegations as they relate to Frank B. Spencer and further admit the allegations as to ALMI Restaurant, Inc., contained in Paragraph 145 of Plaintiffs' First Amended Complaint

89.     Defendants deny as worded and further for want of knowledge the allegations contained in Paragraphs 146, 147, 148, 149, 150, 151, 152, and 153 of Plaintiffs' First Amended Complaint.

11

90.     Defendants deny the allegations contained in Paragraph 154 of Plaintiffs' First Amended Complaint.

91.     Defendants deny as worded and further for want of knowledge the allegations contained in Paragraphs 155 and 156 of Plaintiffs' First Amended Complaint.

92.     Defendants deny for want of knowledge the allegations contained in Paragraph 157 of Plaintiffs' First Amended Complaint.

93.     Defendants deny as worded and further for want of knowledge the allegations contained in Paragraphs 158 and 159 of Plaintiffs' First Amended Complaint.

94.     Defendants deny for want of knowledge the allegations contained in Paragraph 160 of Plaintiffs' First Amended Complaint

95.     Defendants deny as worded and further for want of knowledge the allegations contained in Paragraphs 161 and 162 of Plaintiffs' First Amended Complaint.

96.     Defendants deny for want of knowledge the allegations contained in Paragraph 163 of Plaintiffs' First Amended Complaint.

97.     Defendants deny as worded and further for want of knowledge the allegations contained in Paragraphs 164 and 165 of Plaintiffs' First Amended Complaint.

98.     Defendants deny for want of knowledge the allegations contained in Paragraph 166 of Plaintiffs' First Amended Complaint.

99.     Defendants deny as worded and further for want of knowledge the allegations contained in Paragraphs 167, and 168 of Plaintiffs' First Amended Complaint.

100.     Defendants deny for want of knowledge the allegations contained in Paragraph 169 of Plaintiffs' First Amended Complaint.

101.     Defendants deny as worded and further for want of knowledge the allegations contained in Paragraphs 170 and 171 of Plaintiffs' First Amended Complaint.

102.     Defendants deny for want of knowledge the allegations contained in Paragraph 172 of Plaintiffs' First Amended Complaint.

103.     Defendants deny as worded and further for want of knowledge the allegations contained in Paragraphs 173, and 174 and 176 of Plaintiffs' First Amended Complaint.

104.     Defendants deny for want of knowledge the allegations contained in Paragraph 175 of Plaintiffs' First Amended Complaint.

105.     Defendants deny as worded and further for want of knowledge the allegations contained in Paragraphs 176, 177, and 178 of Plaintiffs' First Amended Complaint.

106.     Defendants deny for want of knowledge the allegations contained in Paragraph 179 of Plaintiffs' First Amended Complaint.

107.     Defendants deny the allegations contained in Paragraphs 180 and 181 of Plaintiffs' First Amended Complaint

108.     Defendants deny for want of knowledge the allegations contained in Paragraph 182 of Plaintiffs' First Amended Complaint.

109.     Defendants deny as worded and further for want of knowledge the allegations contained in Paragraphs 183 and 184 of Plaintiffs' First Amended Complaint

110.     Defendants deny for want of knowledge the allegations contained in Paragraph 185 of Plaintiffs' First Amended Complaint.

111.     Defendants deny as worded and further for want of knowledge the allegations contained in Paragraph 186, 187, and 188 of Plaintiffs' First Amended Complaint.

112.     Defendants deny for want of knowledge the allegations contained in Paragraph 189 of Plaintiffs' First Amended Complaint

113.     Defendants deny as worded and further for want of knowledge the allegations contained in Paragraph 190 of Plaintiffs' First Amended Complaint.

114.     Defendants deny for want of knowledge the allegations contained in Paragraph 191 of Plaintiffs' First Amended Complaint

115.     Defendants deny as worded and further for want of knowledge the allegations contained in Paragraph 192 of Plaintiffs' First Amended Complaint.

116.     Defendants deny as worded and further for want of knowledge the allegations contained in Paragraphs 193, 194, 195, 196, 197, 198, 199, 200, 201, 202 and 203 of Plaintiffs' First Amended Complaint.

117.     Defendants deny the allegations contained in Paragraph 204 of Plaintiffs' First Amended Complaint.

118.     Defendants deny as worded and further for want of knowledge the allegations contained in Paragraph 205 of Plaintiffs' First Amended Complaint.

119.     Defendants deny for want of knowledge the allegations contained in Paragraph 206 of Plaintiffs' First Amended Complaint.

120.     Defendants deny as worded and further for want of knowledge the allegations contained in Paragraphs 207 and 208 of Plaintiffs' First Amended Complaint.

121.     Defendants deny for want of knowledge the allegations contained in Paragraph 209 of Plaintiffs' First Amended Complaint.

122.     Defendants deny as worded and further for want of knowledge the allegations contained in Paragraphs 210 and 211 of Plaintiffs' First Amended Complaint.

123.     Defendants deny for want of knowledge the allegations contained in Paragraph 212 of Plaintiffs' First Amended Complaint.

124.     Defendants deny as worded and further for want of knowledge the allegations contained in Paragraphs 213 and 214 of Plaintiffs' First Amended Complaint.

125.     Defendants deny for want of knowledge the allegations contained in Paragraph 215 of Plaintiffs' First Amended Complaint.

126.     Defendants deny as worded and further for want of knowledge the allegations contained in Paragraphs 216 and 217 of Plaintiffs' First Amended Complaint.

127.     Defendants deny for want of knowledge the allegations contained in Paragraph 218 of Plaintiffs' First Amended Complaint.

128.     Defendants deny as worded and further for want of knowledge the allegations contained in Paragraphs 219 and 220 of Plaintiffs' First Amended Complaint.

129.     Defendants deny for want of knowledge the allegations contained in Paragraph 221 of Plaintiffs' First Amended Complaint.

130.     Defendants deny as worded and further for want of knowledge the allegations contained in Paragraph 222 of Plaintiffs' First Amended Complaint.

131.     Defendants deny for want of knowledge the allegations contained in Paragraph 223 of Plaintiffs' First Amended Complaint.

132.     Defendants deny as worded and further for want of knowledge the allegations contained in Paragraphs 224 and 225 of Plaintiffs' First Amended Complaint.

133.     Defendants deny as worded and further for want of knowledge as to these answering Defendants the allegations contained in Paragraph 226 of Plaintiffs' First Amended Complaint.

134.    Defendants deny for want of knowledge the allegations contained in Paragraph 227 of Plaintiffs' First Amended Complaint.

135.    Defendants deny as worded and further for want of knowledge the allegations contained in Paragraphs 228 and 229 of Plaintiffs' First Amended Complaint.

136.    Defendants deny for want of knowledge the allegations contained in Paragraph 230 of Plaintiffs' First Amended Complaint.

137.    Defendants deny as worded and further for want of knowledge the allegations contained in Paragraphs 231 and 232 of Plaintiffs' First Amended Complaint.

138.    Defendants deny for want of knowledge the allegations contained in Paragraph 233 of Plaintiffs' First Amended Complaint.

139.    Defendants deny as worded and further for want of knowledge the allegations contained in Paragraphs 234 and 235 of Plaintiffs' First Amended Complaint.

140.    Defendants deny as worded and further for want of knowledge as to these answering Defendants the allegations contained in Paragraph 236 of Plaintiffs' First Amended Complaint.

141.    Defendants deny for want of knowledge the allegations contained in Paragraph 237 of Plaintiffs' First Amended Complaint.

142.    Defendants deny as worded and further for want of knowledge the allegations contained in Paragraphs 238 and 239 of Plaintiffs' First Amended Complaint.

143.    Defendants deny for want of knowledge the allegations contained in Paragraph 240 of Plaintiffs' First Amended Complaint.

144.    Defendants deny as to these answering Defendants and further deny for want of knowledge the allegations contained in Paragraphs 241, 242 and 243 of Plaintiffs' First Amended Complaint.

145.    Defendants deny for want of knowledge the allegations contained in Paragraphs 244, 245, and 246 of Plaintiffs' First Amended Complaint.

146.    Defendants deny as worded and further for want of knowledge as to these answering Defendants the allegations contained in Paragraphs 247, 248 and 249 of Plaintiffs' First Amended Complaint.

147.    Defendants deny for want of knowledge the allegations contained in Paragraph 250 of Plaintiffs' First Amended Complaint.

## FIRST CAUSE OF ACTION

148.    Defendants incorporate by reference each and every admission or denial set forth in the forgoing paragraphs as if fully rewritten herein in response to Paragraph 251 of Plaintiffs' First Amended Complaint.

149.    Defendants deny as worded and further for want of knowledge the allegations contained in Paragraphs 252 and 253 of Plaintiffs' First Amended Complaint.

150.    Defendants deny the allegations and further deny for want of knowledge as to these answering Defendants the allegations contained in Paragraph 254 of Plaintiffs' First Amended Complaint.

151.    Defendants deny as worded and further for want of knowledge the allegations contained in Paragraphs 255 and 256 of Plaintiffs' First Amended Complaint.

152.    Defendants deny as to these answering Defendants and further deny for want of knowledge the remainder of the allegations contained in Paragraphs 257 and 258 of Plaintiffs' First Amended Complaint.

153.    Defendants deny as worded and further for want of knowledge the allegations contained in Paragraph 259 of Plaintiffs' First Amended Complaint.

154.    Defendants deny as to these answering Defendants and further deny for want of knowledge remainder of the allegations contained in Paragraphs 260 and 261 of Plaintiffs' First Amended Complaint.

155.    Defendants deny as to these answering Defendants the allegations contained in Paragraphs 262, 263, 264 and 265 of Plaintiffs' First Amended Complaint.

<u>SECOND CAUSE OF ACTION</u>

156.    Defendants incorporate by reference each and every admission or denial set forth in the forgoing paragraphs as if fully rewritten herein in response to Paragraph 266 of Plaintiffs' First Amended Complaint.

157.    Defendants deny as to these answering Defendants and further deny for want of knowledge the remainder of the allegations contained in Paragraph 267 of Plaintiffs' First Amended Complaint.

158.     Defendants deny as worded and further for want of knowledge as to these answering Defendants the allegations contained in Paragraphs 268, 269, 270 and 271 of Plaintiffs' First Amended Complaint.

159.    Defendants deny as to these answering Defendants and further deny for want of knowledge the remainder of the allegations contained in Paragraph 272 of Plaintiffs' First Amended Complaint.

## THIRD CAUSE OF ACTION

160.     Defendants incorporate by reference each and every admission or denial set forth in the forgoing paragraphs as if fully rewritten herein in response to Paragraph 273 of Plaintiffs' First Amended Complaint.

161.     Defendants deny as worded and further for want of knowledge as to these answering Defendants the allegations contained in Paragraphs 274, 275, 276 and 277 of Plaintiffs' First Amended Complaint.

162.     Defendants deny as to these answering Defendants and further deny for want of knowledge the remainder of the allegations contained in Paragraphs 278, 279, 280 and 281 of Plaintiffs' First Amended Complaint.

## FOURTH CAUSE OF ACTION

163.     Defendants incorporate by reference each and every admission or denial set forth in the forgoing paragraphs as if fully rewritten herein in response to Paragraph 282 of Plaintiffs' First Amended Complaint.

164.     These answering Defendants admit that they meet the definition of "persons" within the meaning of O.R.C. 4165.01(D) but Defendants deny for want of knowledge the remainder of the allegations contained in Paragraph 283 of Plaintiffs' First Amended Complaint.

165.     Defendants deny for want of knowledge the allegations contained in Paragraph 284 of Plaintiffs' First Amended Complaint.

166.     Defendants deny as to these answering Defendants and further deny for want of knowledge the remainder of the allegations contained in Paragraphs 285, 286, 287, and 288 of Plaintiffs' First Amended Complaint.

167.     Defendants deny as to these answering Defendants the allegations contained in Paragraphs 289 and 290 of Plaintiffs' First Amended Complaint.

168.     Defendants deny as worded and further for want of knowledge as to these answering Defendants the allegations contained in Paragraph 291 of Plaintiffs' First Amended Complaint.

169.     Defendants deny as worded and further for want of knowledge the allegations contained in Paragraphs 292, 293 and 294 of Plaintiffs' First Amended Complaint.

170.     Defendants deny as worded and further for want of knowledge as to these answering Defendants the allegations contained in Paragraphs 295, 296, 297 and 298 of Plaintiffs' First Amended Complaint.

<u>FIFTH CAUSE OF ACTION</u>

171.     Defendants incorporate by reference each and every admission or denial set forth in the forgoing paragraphs as if fully rewritten herein in response to Paragraph 299 of Plaintiffs' First Amended Complaint.

172.     Defendants deny as worded and further for want of knowledge the allegations contained in Paragraphs 300 and 301 of Plaintiffs' First Amended Complaint as they relate to these answering Defendants only.

173.     Defendants deny the allegations contained in Paragraph 302 of Plaintiffs' First Amended Complaint as they relate to these answering Defendants; further answering, Defendants deny for want of knowledge the remaining allegations contained in these paragraphs as they relate to the other named Defendants.

174.     Defendants deny the allegations contained in Paragraphs 303 and 304 of Plaintiffs' First Amended Complaint as they relate to these answering Defendants; further answering,

Defendants deny for want of knowledge the remaining allegations contained in these paragraphs as they relate to the other named Defendants.

175.    Defendants deny as worded and further for want of knowledge the allegations contained in Paragraphs 305 and 306 of Plaintiffs' First Amended Complaint as they relate to these answering Defendants.

176.    Defendants deny as worded and further for want of knowledge the allegations contained in Paragraphs 307, 308, 309 and 310 of Plaintiffs' First Amended Complaint.

177.    Defendants deny the allegations contained in Paragraphs 311, 312, 313 and 314 of Plaintiffs' First Amended Complaint as they relate to these answering Defendants; further answering, Defendants deny for want of knowledge the remainder of the allegations contained in these paragraphs as they relate to the other named Defendants.

178.    Defendants deny as worded and further for want of knowledge the allegations contained in Paragraph 315 of Plaintiffs' First Amended Complaint as they related to these answering Defendants.

179.    Defendants deny as worded and further for want of knowledge the allegations contained in Paragraphs 316 and 317 of Plaintiffs' First Amended Complaint as they relate to these answering Defendants; further answering, Defendants deny for want of knowledge the remainder of the allegations contained in these paragraphs as they relate to the other named Defendants.

180.    Defendants deny the allegations contained in Paragraphs 318 and 319 of Plaintiffs' First Amended Complaint as they relate to these answering Defendants; further answering, Defendants deny for want of knowledge the remainder of the allegations contained in these paragraphs as they relate to the other named Defendants.

21

<u>INJUNCTION</u>

181.    Defendants incorporate by reference each and every admission or denial set forth in the forgoing paragraphs as if fully rewritten herein in response to paragraph 320 of Plaintiffs' First Amended Complaint.

182.    Defendants deny the allegations contained in Paragraphs 321, 322, 323, 324 and 325 of Plaintiffs' First Amended Complaint as they relate to these answering Defendants and further deny for want of knowledge the remaining allegations contained in these paragraphs.

**<u>AFFIRMATIVE DEFENSES</u>**

183.    Plaintiffs' First Amended Complaint, and one or more claims set forth therein, fails to state a claim against these Defendants upon which relief can be granted.

184.    One or more of the Plaintiffs lack standing and/or capacity to commence this action.

185.    Plaintiff's First Amended Complaint is barred due to insufficient process and insufficient service of process

186.    This Court lacks personal jurisdiction over one or more of the Defendants.

187.    This forum is not the proper venue for this action.

188.    All or part of the injuries or damages alleged in Plaintiffs' Complaint were caused by the acts and omissions of another or others, whose conduct these Defendants had no reason to anticipate and for whose conduct these Defendants are and were not responsible. (O.R.C. §2307.22 *et seq.*)

189.    Plaintiffs' damages, if any, were proximately caused by the intervening and/or superseding misconduct of parties not under the control of these Defendants.

190.    While Defendants deny that Plaintiffs are entitled to any recovery whatsoever, to the extent Plaintiffs' alleged damages are caused, in whole or in part, by third parties who are not

22

parties to this action, liability shall be apportioned according to fault, irrespective of whether such third parties become parties to this action.

94.     One or more of Plaintiffs' claims for damages are subject to the limits on certain types of damages, and this Court is without jurisdiction to enter judgment for Plaintiffs beyond the limitations set forth in O.R.C. § 2315.18 and O.R.C. § 2315.21.

95.     These Defendants are entitled to set-off of any proceeds obtained by Plaintiffs pursuant to R.C. 2307.28.

96.     All or part of the claims set forth in Plaintiffs' Complaint is barred by the applicable statute of limitations and/or statute of repose.

97.     Plaintiffs have failed to join necessary and/or indispensable parties to this lawsuit.

98.     Plaintiffs' damages, if any, are the result of events or circumstances, intervening or otherwise, beyond the control of these Defendants.

99.     If Plaintiffs sustained any of the injuries or damages alleged in their First Amended Complaint, such injuries and damages were caused, or were contributed to, by Plaintiffs' own comparative negligence, intentional acts, culpable conduct, and express or implied assumption of the risk. Such conduct serves as a bar to one or more of Plaintiffs' claims, or entitles these Defendants to a reduction in damages. (O.R.C. §2307.22, O.R.C. §2315.32 *et seq*.)

100.     Some or all of the claims set forth in Plaintiffs' First Amended Complaint is barred by the doctrines of fair use, nominative fair use and/or descriptive use.

101.     All or some of the claims asserted against Defendants are barred by the doctrine of unclean hands.

102.     The claims made in the First Amended Complaint are barred, in whole or in part, because any infringement, if any, was innocent.

103. Plaintiffs' claims are barred by laches, in that Plaintiffs have unreasonably delayed efforts to enforce its rights, if any, despite their full awareness of Defendants' actions.

104. All or some of the purported claims set forth in the First Amended Complaint are barred by the doctrines of waiver, acquiescence, and estoppel.

105. Without admitting that the First Amended Complaint states a claim, there has been no damage in any amount, manner or at all by reason of any act alleged against Defendants in the First Amended Complaint, and the relief prayed for in the First Amended Complaint therefore cannot be granted.

106. Plaintiffs' claims for injunctive relief are barred because Plaintiffs cannot show that they will suffer any irreparable harm from Defendants' actions.

107. The alleged injury or damage suffered by Plaintiffs, if any, would be adequately compensated by damages. Accordingly, Plaintiffs have a complete and adequate remedy at law and is not entitled to seek equitable relief.

108. The claims made in the First Amended Complaint are barred, in whole or in part, because of a failure to mitigate damages, if such damages exist.

109. Federal law preempts some or all of Plaintiffs' claims asserted under state law.

110. Plaintiffs have not suffered any losses and Defendants have not been unjustly enriched as a result of any action or inaction by Defendant or its agents. Plaintiffs are therefore not entitled to any disgorgement or restitution.

111. Plaintiffs' claims for misappropriation of image and/or likeness fail as a matter of law for the reason that Defendants did not use photographs of Plaintiffs for commercial advantage.

112. The requested relief is not available in a Lanham Act prosecution.

113.    The claims made in the First Amended Complaint are barred, in whole or in part, by the First Amendment to the Constitution of the United States.

114.    These Defendants reserve the right to assert any additional defenses, which discovery in this matter reveals are applicable.

WHEREFORE, Defendants, Parkbrook Entertainment, Inc. d/b/a The Airport Crazy Horse, Frank B. Spencer d/b/a Crazy Horse Men's Club and Crazy Horse Saloon, ALMI Restaurant, Inc. d/b/a Crazy Horse Men's Club, and Gold Restaurant, Inc. d/b/a Crazy Horse Cleveland having fully answered Plaintiffs' First Amended Complaint hereby pray that said First Amended Complaint be dismissed.

Respectfully submitted,

*/s/ Edward D. Papp*_____
EDWARD D. PAPP (0068574)
STEVEN J. HUPP (0040639)
MARGO S. MEOLA (0065555)
CHRISTOPHER F. MARS (0091604)
Bonezzi Switzer Polito & Hupp Co. L.P.A.
1300 East 9th Street, Suite 1950
Cleveland, Ohio 44114-1501
Phone: (216) 875-2767
Fax:     (216) 875-1570
Email: epapp@bsphlaw.com
          shupp@bsphlaw.com
          mmeola@bsphlaw.com
          cmars@bsphlaw.com
*Attorneys for Defendants Almi Restaurant, Inc. d/b/a Crazy Horse Men's Club, Gold Restaurant, Inc. d/b/a Crazy Horse Cleveland, Parkbrook Entertainment, Inc. d/b/a The Airport Crazy Horse, and Frank B. Spencer d/b/a Crazy Horse Men's Club and Crazy Horse Saloon*

## JURY DEMAND

These answering Defendants, hereby demand a trial by jury on all such triable issues in this matter.

/s  Edward D. Papp
EDWARD D. PAPP (0068574)
STEVEN J. HUPP (0040639)
MARGO S. MEOLA (0065555)
CHRISTOPHER F. MARS (0091604)

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of December 2018, a copy of the foregoing document was filed electronically pursuant to Civ. R. 5(B)(2)(f).  Notice of this filing will be sent via operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

/s/ Edward D. Papp
EDWARD D. PAPP (0068574)
STEVEN J. HUPP (0040639)
MARGO S. MEOLA (0065555)
CHRISTOPHER F. MARS (0091604)
Bonezzi Switzer Polito & Hupp Co. L.P.A.