UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRITTANY CRIPLIVER, et al. | ) | CASE NUMBER: 1:18-cv-02208-DAP |
| | ) | |
| Plaintiffs, | ) | JUDGE DAN AARON POLSTER |
| vs. | ) | |
| | ) | **ANSWER TO PLAINTIFFS' FIRST** |
| CRAZY HORSE LICENSING, INC., et al. | ) | **AMENDED COMPLAINT ON BEHALF** |
| | ) | **OF DEFENDANT ENTERTAINMENT** |
| | ) | **DYNAMICS, LLC** |
| Defendants. | ) | |
| | ) | *JURY DEMAND ENDORSED HEREON* |
| | ) | |

NOW COMES Defendant, Entertainment Dynamics, LLC (hereinafter "Defendant") and for its Answer to Plaintiff's First Amended Complaint respond as follows:

INTRODUCTION

1. Defendant admits that Plaintiffs have filed action for damages and other relief but deny the remainder of the allegations contained in Paragraph 1 of Plaintiffs' First Amended Complaint.

2. Defendant denies the allegations contained in Paragraph 2 of Plaintiffs' First Amended Complaint for want of knowledge.

3. Defendant admits that the same was a licensee of the Crazy Horse name and logo at one time but denies for want of knowledge the remaining allegations contained in Paragraph 3 of Plaintiffs' First Amended Complaint.

4. Defendant denies for want of knowledge the allegations contained in Paragraph 4

of the Plaintiffs' First Amended Complaint.

5. Defendant denies for want of knowledge the allegations contained in Paragraph 5 of the Plaintiffs' First Amended Complaint.

6. Defendant denies for want of knowledge the allegations contained in Paragraph 6 of the Plaintiffs' First Amended Complaint.

7. Defendant denies for want of knowledge the allegations contained in Paragraph 7 of the Plaintiffs' First Amended Complaint.

8. Defendant denies the allegations contained in Paragraphs 8, 9, 10, and 11 of Plaintiffs' First Amended Complaint as they relate to Entertainment Dynamics, LLC.

9. Defendant denies as worded and further for want of knowledge the allegations contained in Paragraphs 12, 13, 14, and 15 of Plaintiffs' First Amended Complaint.

10. Defendant denies the allegations contained in Paragraphs 16 and 17 of Plaintiffs' First Amended Complaint as they relate to Defendant, Entertainment Dynamics, LLC.

11. Defendant denies for want of knowledge the allegations contained in Paragraph 18 of Plaintiffs' First Amended Complaint.

## PARTIES

12. Defendant denies for want of knowledge the allegations contained in Paragraphs 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33 and 34 of Plaintiffs' First Amended Complaint.

13. In response to Paragraph 35 of Plaintiffs' First Amended Complaint Defendant denies that the same is an Ohio corporation, but rather is an Ohio limited liability company. Defendant denies that it has a principal place of business as the same has not been a going concern for several years and further denies for want of knowledge the remaining allegations

contained in Paragraph 35 of Plaintiffs' First Amended Complaint.

14. Defendant denies for want of knowledge the allegations contained in Paragraphs 36, 37, 38 and 39 of Plaintiff's First Amended Complaint.

## JURISDICTION AND VENUE

15. Defendant denies for want of knowledge that there is complete diversity of citizenship between Plaintiffs and Defendants and that the amount in controversy for each Plaintiff against each relevant Defendant, excluding interests and costs, exceeds $75,000 as alleged in Paragraph 40 of Plaintiffs' First Amended Complaint.

16. Defendant admits that this Court has subject matter jurisdiction over claims that arise under 15 U.S.C. §1125(a)(1) (The Lanham Act) based upon 28 U.S.C. §1331, but denies the remainder of the allegations contained in Paragraph 41 Plaintiffs' First Amended Complaint.

17. Defendant denies the allegations as worded and further for want of knowledge the allegations contained in Paragraph 42 of Plaintiffs' First Amended Complaint.

18. Defendant denies as worded and further for want of knowledge the allegations in Paragraphs 43 and 44 of Plaintiffs' First Amended Complaint.

## GENERAL ALLEGATIONS

19. Defendant denies for want of knowledge the allegations contained in Paragraphs 45, 46 and 47 of Plaintiffs' First Amended Complaint.

20. Defendant denies as worded and further for want of knowledge the allegations contained in Paragraph 48 of Plaintiffs' First Amended Complaint.

21. Defendant denies for want of knowledge the allegations contained in Paragraphs 49, 50, 51 and 52 of Plaintiffs' First Amended Complaint.

22. Defendant denies the allegations contained in Paragraph 53 of Plaintiffs' First

Amended Complaint as they relate to Defendant, Entertainment Dynamics, LLC.

23. Defendants deny as worded and further for want of knowledge the allegations contained in Paragraph 54 of Plaintiffs' First Amended Complaint as they relate to Defendant, Entertainment Dynamics, LLC.

24. Defendant denies for want of knowledge the allegations contained in Paragraphs 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, and 67 of Plaintiffs' First Amended Complaint.

25. Defendant denies as worded and further for want of knowledge the allegations as it relates to Entertainment Dynamics, LLC and further deny for want of knowledge the remainder of the allegations contained in Paragraphs 68 and 69 of Plaintiffs' First Amended Complaint.

26. Defendant denies for want of knowledge the allegations contained in Paragraph 70 of Plaintiffs' First Amended Complaint.

27. Defendant denies as worded and further for want of knowledge the allegations as it relates to Entertainment Dynamics, LLC and deny for want of knowledge the allegations contained in Paragraph 71 of Plaintiffs' First Amended Complaint.

28. Defendant denies as worded and further for want of knowledge the allegations contained in Paragraphs 72, 73, 74, 75, 76, and 77 as they relate to Defendant Entertainment Dynamics and deny the remainder of the allegations for want of knowledge.

29. Defendant denies the allegations contained in Paragraph 78 as they relate to Defendant Entertainment Dynamics, LLC and deny the remainder of the allegations for want of knowledge.

30. Defendant denies as worded and further for want of knowledge the allegations contained in Paragraph 79 as they relate to Defendant Entertainment Dynamics, LLC and deny the remainder of the allegations for want of knowledge.

31. Defendant denies for want of knowledge the allegations contained in Paragraph 80 of Plaintiffs' First Amended Complaint.

32. Defendant denies as worded and further for want of knowledge the allegations contained in Paragraph 81 as they relate to Defendant Entertainment Dynamics, LLC and deny the remainder of the allegations for want of knowledge.

33. Defendant denies for want of knowledge the allegations contained in Paragraph 82 of Plaintiffs' First Amended Complaint.

34. Defendant denies as worded and further for want of knowledge the allegations contained in Paragraph 83 as they relate to Defendant Entertainment Dynamics, LLC and deny the remainder of the allegations for want of knowledge.

35. Defendant denies as worded and further for want of knowledge the allegations contained in Paragraph 84 of Plaintiffs' First Amended Complaint as they relate to Entertainment Dynamics, LLC.

36. Defendant denies for want of knowledge the allegations contained in Paragraph 85 of Plaintiffs' First Amended Complaint.

37. Defendant denies as worded and further for want of knowledge the allegations contained in Paragraph 86 as they relate to Defendant Entertainment Dynamics, LLC and deny the remainder of the allegations for want of knowledge.

38. Defendant denies for want of knowledge the allegations contained in Paragraph 87 of Plaintiffs' First Amended Complaint.

39. Defendant denies as worded and further for want of knowledge the allegations contained in Paragraph 88 of Plaintiffs' First Amended Complaint as they relate to Entertainment Dynamics, LLC.

40. Defendant denies for want of knowledge the allegations contained in Paragraph 89 of Plaintiffs' First Amended Complaint.

41. Defendant denies as worded and further for want of knowledge the allegations contained in Paragraph 90 as they relate to Defendant Entertainment Dynamics, LLC and deny the remainder of the allegations for want of knowledge.

42. Defendant denies for want of knowledge the allegations contained in Paragraph 91 of Plaintiffs' First Amended Complaint.

43. Defendant denies for want of knowledge the allegations contained in Paragraphs 92, 93, 94, 95, 96, 97, 98, and 99 of Plaintiffs' First Amended Complaint.

44. Defendant denies as worded and further for want of knowledge the allegations contained in Paragraph 100 as they relate to Defendant Entertainment Dynamics, LLC and deny the remainder of the allegations for want of knowledge.

45. Defendant denies for want of knowledge the allegations contained in Paragraphs 101 and 102 of Plaintiffs' First Amended Complaint.

46. Defendant denies as worded and further for want of knowledge the allegations contained in Paragraph 103 as they relate to Defendant Entertainment Dynamics, LLC and deny the remainder of the allegations for want of knowledge.

47. Defendant denies for want of knowledge the allegations contained in Paragraphs 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 1114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, and 126 of Plaintiffs' First Amended Complaint.

48. Defendant denies as worded and further for want of knowledge the allegations contained in Paragraphs 127 of Plaintiffs' First Amended Complaint as they relate to Entertainment Dynamics, LLC.

49. Defendant denies for want of knowledge the allegations contained in Paragraph 128, 129 and 130 of Plaintiffs' First Amended Complaint.

50. Defendant denies as worded and further for want of knowledge the allegations contained in Paragraphs 131 Plaintiffs' First Amended Complaint as they relate to Entertainment Dynamics, LLC.

51. Defendant denies for want of knowledge the allegations contained in Paragraph 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, 177, 178, 179, 180, 181, 182, 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 193, 194, 195, 196, 197, 198, 199, 200, 201, 202, 203, 204, 205, 206, 207, 208, 209, 210, 211, 212, 213, 214, 215, 216, 217, 218, 219, 220, 221, 222, 223, 224, 225, 226, 227, 228, 229, 230, 231, 232, 233, 234, 235, 236, 237, 238, 239, and 240 of Plaintiffs' First Amended Complaint.

52. Defendant denies as to Entertainment Dynamics, LLC and further deny for want of knowledge the allegations contained in Paragraphs 241, 242 and 243 of Plaintiffs' First Amended Complaint.

53. Defendant denies for want of knowledge the allegations contained in Paragraphs 244, 245, and 246 of Plaintiffs' First Amended Complaint.

54. Defendant denies as worded and further for want of knowledge as to Entertainment Dynamics, LLC the allegations contained in Paragraphs 247, 248 and 249 of Plaintiffs' First Amended Complaint.

55. Defendant denies for want of knowledge the allegations contained in Paragraph 250 of Plaintiffs' First Amended Complaint.

FIRST CAUSE OF ACTION

56. Defendant incorporates by reference each and every admission or denial set forth

in the forgoing paragraphs as if fully rewritten herein in response to Paragraph 251 of Plaintiffs' First Amended Complaint.

57. Defendant denies as worded and further for want of knowledge the allegations contained in Paragraphs 252 and 253 of Plaintiffs' First Amended Complaint.

58. Defendant denies the allegations and further deny for want of knowledge as to Entertainment Dynamics, LLC the allegations contained in Paragraph 254 of Plaintiffs' First Amended Complaint.

59. Defendant denies as worded and further for want of knowledge the allegations contained in Paragraphs 255 and 256 of Plaintiffs' First Amended Complaint.

60. Defendants deny as to Entertainment Dynamics, LLC and further deny for want of knowledge the remainder of the allegations contained in Paragraphs 257 and 258 of Plaintiffs' First Amended Complaint.

61. Defendant denies as worded and further for want of knowledge the allegations contained in Paragraph 259 of Plaintiffs' First Amended Complaint.

62. Defendant denies as to Entertainment Dynamics, LLC and further deny for want of knowledge remainder of the allegations contained in Paragraphs 260 and 261 of Plaintiffs' First Amended Complaint.

63. Defendant denies as to Entertainment Dynamics, LLC the allegations contained in Paragraphs 262, 263, 264 and 265 of Plaintiffs' First Amended Complaint.

SECOND CAUSE OF ACTION

64. Defendant incorporates by reference each and every admission or denial set forth in the forgoing paragraphs as if fully rewritten herein in response to Paragraph 266 of Plaintiffs' First Amended Complaint.

65. Defendant denies as to Entertainment Dynamics, LLC and further deny for want of knowledge the remainder of the allegations contained in Paragraph 267 of Plaintiffs' First Amended Complaint.

66. Defendant denies as worded and further for want of knowledge as to Entertainment Dynamics, LLC these answering Defendants the allegations contained in Paragraphs 268, 269, 270 and 271 of Plaintiffs' First Amended Complaint.

67. Defendant denies as to Entertainment Dynamics, LLC and further deny for want of knowledge the remainder of the allegations contained in Paragraph 272 of Plaintiffs' First Amended Complaint.

THIRD CAUSE OF ACTION

68. Defendant incorporates by reference each and every admission or denial set forth in the forgoing paragraphs as if fully rewritten herein in response to Paragraph 273 of Plaintiffs' First Amended Complaint.

69. Defendant denies as worded and further for want of knowledge as to Entertainment Dynamics, LLC the allegations contained in Paragraphs 274, 275, 276 and 277 of Plaintiffs' First Amended Complaint.

70. Defendant denies as to Entertainment Dynamics, LLC and further deny for want of knowledge the remainder of the allegations contained in Paragraphs 278, 279, 280 and 281 of Plaintiffs' First Amended Complaint.

FOURTH CAUSE OF ACTION

71. Defendant incorporates by reference each and every admission or denial set forth in the forgoing paragraphs as if fully rewritten herein in response to Paragraph 282 of Plaintiffs' First Amended Complaint.

72. Defendant admits that it meets the definition of "persons" within the meaning of O.R.C. 4165.01(D) but Defendant denies for want of knowledge the remainder of the allegations contained in Paragraph 283 of Plaintiffs' First Amended Complaint.

73. Defendant denies for want of knowledge the allegations contained in Paragraph 284 of Plaintiffs' First Amended Complaint.

74. Defendant denies as to Entertainment Dynamics, LLC and further deny for want of knowledge the remainder of the allegations contained in Paragraphs 285, 286, 287, and 288 of Plaintiffs' First Amended Complaint.

75. Defendant denies as to Entertainment Dynamics, LLC the allegations contained in Paragraphs 289 and 290 of Plaintiffs' First Amended Complaint.

76. Defendant denies as worded and further for want of knowledge as to Entertainment Dynamics, LLC the allegations contained in Paragraph 291 of Plaintiffs' First Amended Complaint.

77. Defendant denies as worded and further for want of knowledge the allegations contained in Paragraphs 292, 293 and 294 of Plaintiffs' First Amended Complaint.

78. Defendant denies as worded and further for want of knowledge as to Entertainment Dynamics, LLC the allegations contained in Paragraphs 295, 296, 297 and 298 of Plaintiffs' First Amended Complaint.

## FIFTH CAUSE OF ACTION

79. Defendant incorporates by reference each and every admission or denial set forth in the forgoing paragraphs as if fully rewritten herein in response to Paragraph 299 of Plaintiffs' First Amended Complaint.

80. Defendant denies as worded and further for want of knowledge the allegations

contained in Paragraphs 300 and 301 of Plaintiffs' First Amended Complaint as they relate to Entertainment Dynamics, LLC.

81. Defendant denies the allegations contained in Paragraph 302 of Plaintiffs' First Amended Complaint as they relate to Entertainment Dynamics, LLC; and further states that Defendant denies for want of knowledge the remaining allegations contained in these paragraphs as they relate to the other named Defendants.

82. Defendant denies the allegations contained in Paragraphs 303 and 304 of Plaintiffs' First Amended Complaint as they relate to Entertainment Dynamics, LLC; and further states that Defendant denies for want of knowledge the remaining allegations contained in these paragraphs as they relate to the other named Defendants.

83. Defendant denies as worded and further for want of knowledge the allegations contained in Paragraphs 305 and 306 of Plaintiffs' First Amended Complaint as they relate to Entertainment Dynamics, LLC.

84. Defendant denies as worded and further for want of knowledge the allegations contained in Paragraphs 307, 308, 309 and 310 of Plaintiffs' First Amended Complaint.

85. Defendant denies the allegations contained in Paragraphs 311, 312, 313 and 314 of Plaintiffs' First Amended Complaint as they relate to Entertainment Dynamics, LLC; and further states that Defendant denies for want of knowledge the remainder of the allegations contained in these paragraphs as they relate to the other named Defendants.

86. Defendant denies as worded and further for want of knowledge the allegations contained in Paragraph 315 of Plaintiffs' First Amended Complaint as they related to Entertainment Dynamics, LLC.

87. Defendant denies as worded and further for want of knowledge the allegations

contained in Paragraphs 316 and 317 of Plaintiffs' First Amended Complaint as they relate to Entertainment Dynamics, LLC; and further states that Defendant denies for want of knowledge the remainder of the allegations contained in these paragraphs as they relate to the other named Defendants.

88. Defendant denies the allegations contained in Paragraphs 318 and 319 of Plaintiffs' First Amended Complaint as they relate to Entertainment Dynamics, LLC; and further states that Defendant denies for want of knowledge the remainder of the allegations contained in these paragraphs as they relate to the other named Defendants.

## INJUNCTION

89. Defendant incorporates by reference each and every admission or denial set forth in the forgoing paragraphs as if fully rewritten herein in response to paragraph 320 of Plaintiffs' First Amended Complaint.

90. Defendant denies the allegations contained in Paragraphs 321, 322, 323, 324 and 325 of Plaintiffs' First Amended Complaint as they relate to Entertainment Dynamics, LLC and further deny for want of knowledge the remaining allegations contained in these paragraphs.

## **AFFIRMATIVE DEFENSES**

91. Plaintiffs' First Amended Complaint, and one or more claims set forth therein, fails to state a claim against these Defendants upon which relief can be granted.

92. One or more of the Plaintiffs lack standing and/or capacity to commence this action.

93. Plaintiff's First Amended Complaint is barred due to insufficient process and insufficient service of process

94. This Court lacks personal jurisdiction over the Defendant.

95. This forum is not the proper venue for this action.

96. Defendant is an improper Defendant as it had no interest in any of the matters or allegations set forth in the Complaint.

97. All or part of the injuries or damages alleged in Plaintiffs' Complaint were caused by the acts and omissions of another or others, whose conduct this Defendant had no reason to anticipate and for whose conduct these Defendants are and were not responsible. (O.R.C. §2307.22 *et seq.*)

98. Plaintiffs' damages, if any, were proximately caused by the intervening and/or superseding misconduct of parties not under the control of this Defendant.

99. While Defendant denies that Plaintiffs are entitled to any recovery whatsoever, to the extent Plaintiffs' alleged damages are caused, in whole or in part, by third parties who are not parties to this action, liability shall be apportioned according to fault, irrespective of whether such third parties become parties to this action.

100. One or more of Plaintiffs' claims for damages are subject to the limits on certain types of damages, and this Court is without jurisdiction to enter judgment for Plaintiffs beyond the limitations set forth in O.R.C. § 2315.18 and O.R.C. § 2315.21.

101. This Defendant is entitled to set-off of any proceeds obtained by Plaintiffs pursuant to R.C. 2307.28.

102. All or part of the claims set forth in Plaintiffs' Complaint is barred by the applicable statute of limitations and/or statute of repose.

103. Plaintiffs have failed to join necessary and/or indispensable parties to this lawsuit.

104. Plaintiffs' damages, if any, are the result of events or circumstances, intervening or otherwise, beyond the control of this Defendant.

105. If Plaintiffs sustained any of the injuries or damages alleged in their First Amended

Complaint, such injuries and damages were caused, or were contributed to, by Plaintiffs' own comparative negligence, intentional acts, culpable conduct, and express or implied assumption of the risk. Such conduct serves as a bar to one or more of Plaintiffs' claims, or entitles these Defendants to a reduction in damages. (O.R.C. §2307.22, O.R.C. §2315.32 *et seq.*)

106. Some or all of the claims set forth in Plaintiffs' First Amended Complaint is barred by the doctrines of fair use, nominative fair use and/or descriptive use.

107. All or some of the claims asserted against Defendant are barred by the doctrine of unclean hands.

108. The claims made in the First Amended Complaint are barred, in whole or in part, because any infringement, if any, was innocent.

109. Plaintiffs' claims are barred by the doctrine of waiver, acquiescence, laches, and/or estoppel.

110. Defendant is entitled to indemnification from other Defendants.

111. Without admitting that the First Amended Complaint states a claim, there has been no damage in any amount, manner or at all by reason of any act alleged against Defendant in the First Amended Complaint, and the relief prayed for in the First Amended Complaint therefore cannot be granted.

112. Plaintiffs' claims for injunctive relief are barred because Plaintiffs cannot show that they will suffer any irreparable harm from Defendant's actions.

113. The alleged injury or damage suffered by Plaintiffs, if any, would be adequately compensated by damages. Accordingly, Plaintiffs have a complete and adequate remedy at law and is not entitled to seek equitable relief.

114. The claims made in the First Amended Complaint are barred, in whole or in part,

14

because of a failure to mitigate damages, if such damages exist.

115. Federal law preempts some or all of Plaintiffs' claims asserted under state law.

116. Plaintiffs have not suffered any losses and Defendant has not been unjustly enriched as a result of any action or inaction by Defendant or its agents. Plaintiffs are therefore not entitled to any disgorgement or restitution.

117. Plaintiffs' claims for misappropriation of image and/or likeness fail as a matter of law for the reason that Defendant did not use photographs of Plaintiffs for commercial advantage.

118. The requested relief is not available in a Lanham Act prosecution.

119. The claims made in the First Amended Complaint are barred, in whole or in part, by the First Amendment to the Constitution of the United States.

120. Defendant reserves the right to assert any additional defenses, which discovery in this matter reveals are applicable.

WHEREFORE, Defendant, Entertainment Dynamics, LLC, having fully answered Plaintiffs' First Amended Complaint hereby pray that said First Amended Complaint be dismissed with costs being taxed to Plaintiffs and that this Court award the same any and all further relief that this Court deem just and proper.

Respectfully submitted,

*/s/ Craig M.Eoff*
CRAIG M. EOFF (#0071002)
Pelini, Campbell & Williams, LLC
400 Bretton Commons
8040 Cleveland Avenue NW
North Canton, Ohio 44720
Phone: (330) 305-6400
Fax:    (330) 305-0042
Email: ceoff@pelini-law.com

*Attorney for Defendant Entertainment Dynamics, LLC*

## JURY DEMAND

Entertainment Dynamics, LLC hereby demands a trial by jury on all such triable issues in this matter.

*/s/ Craig M. Eoff*
CRAIG M. EOFF (#0071002)

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of February 2019, a copy of the foregoing document was filed electronically pursuant to Civ. R. 5(B)(2)(f). Notice of this filing will be sent via operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

*/s/ Craig M. Eoff*
CRAIG M. EOFF (#0071002)